UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANGEL DAWN LITTLEPAGE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:17-cv-190-RP |
| RAYMOND TREJO, *in his official capacity as Registrar of the Texas Department of Public Safety Sex Offender Registration Bureau*, et al., | § § § § § | |
| Defendants. | § § § | |

## ORDER

Before the Court are the motions for summary judgment filed by Plaintiff Angel Dawn Littlepage, (Dkt. 20), and Defendants Raymond Trejo, Vincent Castilleja, and Steven McCraw. (Dkt. 26). Having considered the parties' arguments, the factual record, and the relevant law, the Court issues the following order.

## BACKGROUND

On February 12, 2012, a Denton County, Texas, grand jury indicted Plaintiff on two counts of sexual assault. The indictment noted that the alleged victim was younger than seventeen. On May 10, 2012, Plaintiff pleaded guilty to a lesser offense of "Unlawful Restraint," Tex. Penal Code § 20.02. As part of the plea deal, the prosecutor recommended to the trial court that no affirmative finding of the victim's age be made under section 42.015 of the Texas Code of Criminal Procedure; that no finding of Plaintiff's guilt be entered by the trial court; and that Plaintiff be placed on deferred adjudication community supervision for a period of five years. The trial court accepted the recommendation and entered an order in accordance with the plea deal. The order expressly stated that sex offender registration requirements were inapplicable to Plaintiff's case.

In February 2017, an official with the Sex Offender Registration Bureau of the Texas Department of Public Safety ("DPS") notified the Denton County Adult Community Supervision Department that Plaintiff was required to register as a sex offender. Defendant Raymond Trejo, the Registrar of the Sex Offender Registration Bureau, allegedly communicated to the officials in Denton County his opinion that Plaintiff should be required to register as a sex offender.

On February 17, 2017, Thomas Daniels, a probation officer, met with Plaintiff and informed her that she was required to register as a sex offender. He directed Plaintiff to fill out various registration forms. Plaintiff completed the forms, but alleges that she did so out of fear that she would lose her community supervision or that she would be arrested and charged with a felony if she refused. Daniels transmitted these documents to Defendant Trejo and to Susan Case, who is a Special Assistant to Defendant Gainesville, Texas, Chief of Police Kevin Phillips.[1] Case is in charge of sex offender registration for residents of Gainesville, Texas.

Plaintiff retained counsel around March 1, 2017. Plaintiff's counsel contacted a variety of attorneys and officials about Plaintiff's situation. As a result of his efforts to have Plaintiff's registration paperwork rescinded, Plaintiff received assurances that neither the Denton County Adult Community Supervision Department nor Denton County prosecutors would seek to revoke her community supervision. Nonetheless, by that time, Plaintiff's name, picture, and address had been published on the DPS's online sex offender registry. Further, counsel for Plaintiff had been informed that investigators at the Gainesville Police Department were proceeding with their intent to arrest and charge Plaintiff for failure to register as a sex offender.

On March 3, 2017, Plaintiff filed a complaint in this Court alleging that Defendants have violated her procedural due process rights under the Fourteenth Amendment. She simultaneously filed an application for a temporary restraining order. Plaintiff sought an order preventing her arrest

---

[1] Though Plaintiff named Chief Kevin Philips as a defendant, she seeks no relief against him in her motion for summary judgment.

2

for failure to register and requiring the removal of Plaintiff's information from the online sex offender database, among other relief. The Court granted Plaintiff's application on the same day, and later granted a preliminary injunction extending the relief during the pendency of this case. Defendants did not oppose the entry of the injunction.

Plaintiff filed her motion for summary judgment on March 23, 2017. She seeks injunctive and declaratory relief along with nominal damages. Defendants filed their motion for summary judgment on May 18, 2016, raising the same arguments they asserted in opposition to Plaintiff's motion.

**LEGAL STANDARD**

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he moving party may [also] meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for

the non-movant, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000). The court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## DISCUSSION

Of primary importance in this matter is whether Plaintiff has a reportable conviction or adjudication under the Texas Sex Offender Registration Act. The Court considers this question before proceeding to the constitutional issues raised in Plaintiff's motion.

### 1. Reportable Conviction or Adjudication

The Texas Sex Offender Registration Act ("SORA"), Tex. Code Crim. Proc. Ann. art. 62.001 *et seq.*, requires each individual with a "reportable conviction or adjudication" to register as a sex offender with a local law enforcement authority. *Id.* art. 62.051. SORA includes within its definition of reportable convictions a violation of section 20.02 of the Texas Penal Code, criminalizing unlawful restraint. A conviction or adjudication under that statute qualifies as a reportable if, and only if, either "the judgment in the case contains an affirmative finding under Article 42.015"[2] or if "the order in the hearing or the papers in the case contain an affirmative finding that the victim or intended victim was younger than 17 years of age." *Id.* art. 62.001(5)(E).

It is undisputed that Plaintiff has pleaded guilty to the crime of unlawful restraint under section 20.02. Her adjudication is therefore reportable under article 62.051 if there has been a finding under article 42.015 or if the papers in the case contain an affirmative finding that the victim was under seventeen years of age. The judge presiding over Plaintiff's trial did not make a finding as to the victim's age. (Pl.'s Ex. 3, Dkt. 20, at 53 (noting victim's age as "N/A")). However, the indictment charged that the victim was a child under the age of seventeen. (Pl.'s Ex. 2, Dkt. 20, at

---

[2] Article 42.015 of the Code of Criminal Procedure requires the judge presiding over a trial of an offense of unlawful restraint to make an affirmative finding of fact, and to enter the finding in the judgment, if the judge determines that the victim was under the age of 17 at the time of the offense.

4

51). Defendants argue that the indictment satisfies SORA's requirement that there be an "affirmative finding" of the victim's age in a "paper in the case."

The Court disagrees. Statements included in the indictment are not "affirmative findings." They are allegations. Tex. Code Crim. Proc. Ann. art. 21.01 ("An 'indictment' is the written statement of a grand jury accusing a person therein named of some act or omission which, by law, is declared to be an offense."). "A grand jury is to return a true bill when it determines that there is probable cause to believe that the accused committed the offense." *Harris Cty. Dist. Attorney's Office v. R.R.R.*, 928 S.W.2d 260, 264 (Tex. App. 1996). In other words, the indictment finds that there is probable cause to believe that a fact exists; it does not affirmatively find the fact is so. The suggestion that the state may impose a lifetime regime of sex offender registration based on the accusations of an indictment alone is an astonishing one. Fortunately, however, the suggestion is unsupported by Texas law.

The Texas Court of Criminal Appeals examined a trial judge's finding of a victim's age under article 42.015 in *Anthony v. State*, 494 S.W.3d 106 (Tex. Cim. App. 2016), and its treatment of that finding is instructive. In that case, the indictment alleged that the defendant committed the crime of aggravated sexual assault[3] against a child who was younger than fourteen years old. *Id.* at 108. The defendant pleaded guilty to the crime and was placed on deferred adjudication. *Id.* The trial judge noted in the deferred-adjudication order that the victim was three years old at the time of the crime. *Id.* One issue before the Court of Criminal Appeals was whether the trial court had the authority to place the defendant on deferred adjudication under article 42.12 of the Code of Criminal Procedure, given the judge's determination of the victim's age. That statute provides that individuals are ineligible for community supervision if they are sentenced to a term of imprisonment that exceeds

---

[3] Aggravated sexual assault is considered a "sexually violent offense" under article 62.001 of the Texas Code of Criminal Procedure, thus triggering the duty of the trial judge under article 42.015 to make an affirmative finding of the victim's age upon determination that the victim was younger than fourteen.

5

ten years, and the minimum sentence aggravated sexual assault is twenty-five years if the victim is younger than six. Tex. Penal Code § 22.02(f).

The court concluded that the defendant was eligible for community supervision notwithstanding the judge's finding in the order. "Other than the notation that the victim was three years old," the court stated, "the record contains no other indication that any of the parties intended to punish the [crime] under § 22.021(f)." *Anthony*, 494 S.W.3d at 108. "Even if the finding is accurate," the court continued, "it has no support in the record. There is no confession, stipulation, admission, or evidence in the record permitting the judge to find that the victim was three years old at the time of the assault." *Id.* The court struck from the trial court's order the finding that the victim was three years old and reformed it to reflect an amended finding under article 42.015 that the child was under fourteen—a fact which the defendant admitted. *Id.*

*Anthony* thus demonstrates that an "affirmative finding" is not found merely where some "paper in the case" makes note of a fact. Rather, the finding must have some support in the factual record. *See id.* This comports with the ordinary understanding of the term "finding of fact": "[a] determination by a judge, jury, or administrative agency of a fact supported by the evidence in the record." Finding of Fact, Black's Law Dictionary (10th ed. 2014).[4] This Court thus concludes that an "affirmative finding" under article 62.001(5)(E) does not encompass the probable cause determinations of a grand jury that have no further discernible support in the "papers in the case." *See* Tex. Code Crim. Proc. art. 62.001(5)(E).

Turning to the case at hand, it is clear that Plaintiff's adjudication is not reportable under 62.001 because there has been no "affirmative finding" of the victim's age. She is therefore not compelled under SORA to register as a sex offender.

---

[4] The relevant statutes use "affirmative finding of fact" and "affirmative finding" interchangeably. *See* Tex. Code Crim. Proc. Ann. arts. 42.015, 42.017 ("[T]he judge shall make an *affirmative finding of fact* and enter the *affirmative finding* in the judgment . . . .").

6

**2.	Constitutional Violation**

Having resolved the preliminary issue of SORA's application to Plaintiff, the Court next considers whether Plaintiff has established her claim under 42 U.S.C. § 1983 alleging a violation of her procedural due process rights. To do so, Plaintiff must demonstrate that the defendants violated her constitutional right to due process while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.	Procedural Due Process Violation**

Courts examine procedural due process claims under a two-step inquiry. *Coleman v. Dretke*, 395 F.3d 216, 221 (5th Cir. 2004). The first question here is whether Plaintiff has a liberty interest in being free of sex offender registration requirements. *See id.* If so, the Court must then determine whether Plaintiff received constitutionally adequate process before the requirements were imposed. *Id.*

The Plaintiff undoubtedly has a liberty interest in being free of sex offender registration requirements. Sex offender designation is highly stigmatizing. Plaintiff, who has never been convicted of a sex crime, would have her name, picture, and address publicly available on a state website designed to alert the community to the presence of dangerous individuals. Tex. Code Crim. Proc. Ann. art. 62.005. Along with this stigma comes a host of other obligations and restrictions. For example, Plaintiff would be compelled to report to a local authority for registration. *Id.* art. 62.051. She would have to inform local officials of any intent to change residences, or if she regularly visits another location. *Id.* arts. 62.055, 62.059. She would also be required to renew her driver's license annually for the rest of her life, and provide a DNA specimen to law enforcement on request. *Id.* arts. 62.060, 62.061. Her employment opportunities would also be restricted. *Id.* art 62.063. This is to say nothing of any additional restrictions the designation might trigger under local ordinances. It is impossible to conclude that these restrictions and obligations, coupled with the

7

intense stigma of being labeled a sexual predator, fail to implicate Plaintiff's liberty interest under the Fourteenth Amendment. *See Coleman*, 395 F.3d at 221–23.

Having determined that Plaintiff has a constitutionally protected liberty interest in being free of sex offender registration requirements, the Court next considers whether Plaintiff received constitutionally adequate process. Defendants argue that Plaintiff's obligation to register stems solely from her adjudication, and that she received all necessary process by virtue of her criminal trial. However, the Court has concluded that Plaintiff has no obligation to register owing to her adjudication. She has not been convicted of a sex offense, and thus must be afforded some additional process beyond her initial trial. *See id.* Plaintiff's evidence establishes that she was not afforded notice of the State's intent to impose registration requirements, nor was she afforded a pre-deprivation opportunity to challenge the designation. (Littlepage Aff., Dkt. 20, at 46).[5] Defendants have not countered this evidence with anything tending to show that she received any process at all. Nor is the Court aware of any post-deprivation means of challenging the designation, and, in any case, Defendants do not contend that pre-deprivation process was impractical. *See Gilbert v. Homar*, 520 U.S. 924, 930 (1997) ("[W]here a State must act quickly, or where it would be impractical to provide predeprivation process, postdeprivation process satisfies the requirements of the Due Process Clause.").

The evidence before the Court thus easily establishes that Plaintiff has been deprived of a liberty interest without due process of law.

### B. Under Color of State Law

The Court next considers whether the Defendants caused the deprivation while acting under color of state law. There is no genuine dispute that this element is satisfied. DPS, the agency over which Defendant Steven McCraw presides, and in particular its Sex Offender Registration Bureau,

---

[5] The Court does not rely on the objected-to portions of Plaintiff's affidavit. (*See* Mot. Strike, Dkt. 24, at 4).

which Defendant Castilleja controls, is the agency tasked with administering SORA. *See* Tex. Coode Crim. Proc. Ann. art. 62.010. Additionally Defendants' own evidence establishes that Plaintiff was deemed subject to SORA's requirements on the advice of Defendant Trejo, the registrar of the Sex Offender Registration Bureau, acting within the scope of his official duties. (Jan. 27 Trejo Email, Dkt. 20-2, at 4).

Defendants suggest that they did not cause Plaintiff's deprivation because they have no authority to designate her as a sex offender. (Def.'s Resp. Dkt. 25, at 13). This may be true in form, but certainly not in substance. Defendants in fact have the statutory authority to make determinations about whether a person is required to register under SORA. *See* Tex. Code Crim. Proc. Ann. arts. 62.003 & 62.006. And Defendant Trejo made his determination on Plaintiff's requirement to register pursuant to this statutory authority. *See id.* art. 62.006. It is not subject to reasonable dispute that this determination was the cause of the deprivations Plaintiff alleges.

The Court therefore finds the requirement of state action satisfied.

**2.  Remedy**

Having determined that the evidence substantiates Plaintiff's allegations of an unlawful deprivation of due process, the Court considers the remedies Plaintiff seeks.

### A.  Challenge to article 62.001(5)(E)

Plaintiff seeks a determination that article 62.001(5)(E)—including unlawful restraint as a reportable sex crime—is unconstitutional both facially and as applied to her. According to Plaintiff, the statute is unconstitutional because it subjects individuals to sex offender registration requirements without a finding that the individual presents a threat to society by virtue of a lack of sexual control. *See Coleman*, 395 F.3d at 225 ("The Department may condition Coleman's parole on sex offender registration and therapy only if he is determined to constitute a threat to society by reason of his lack of sexual control."). However, the Court has determined that Plaintiff's conviction

does not fall within the scope of article 62.001(5)(E) because there was no affirmative finding that the victim in her case was under the age of seventeen. Accordingly, the statute is not the source of her injury and she has no standing to challenge it. *See Denelon v. La. Div. of Admin. Law ex rel. Wise*, 522 F.3d 564, 567 (5th Cir. 2008) ("[C]ourts should not pass upon the constitutionality of a statute 'upon complaint of one who fails to show that he is injured by its operation.'") (quoting *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 348 (1936)).

### B. Declaratory Relief

"A district court should normally entertain a declaratory judgment action within its jurisdiction when it finds that the relief sought: (1) will serve a useful purpose in clarifying and settling the legal relations in issue; and (2) will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding." *Williams v. Ballard*, No. 3-02-CV-0270-M, 2004 WL 1499457, at *10 (N.D. Tex. June 18, 2004); *Concise Oil & Gas P'ship v. La. Intrastate Gas Corp.*, 986 F.2d 1463, 1471 (5th Cir. 1993).

The Court finds declaratory relief to be warranted here. The controversy stems from uncertainty (or, more accurately, the State's misplaced certainty) concerning the application of SORA to Plaintiff's adjudication. Declaratory relief will clarify the law's application and afford relief from the uncertainty giving rise to the controversy.

### C. Injunctive Relief

A party seeking permanent injunctive relief must establish four factors: (1) success on the merits; (2) that irreparable injury will result if the injunction is not granted; (3) that such injury will outweigh any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest. *O'Connor v. Smith*, 427 F. App'x 359, 365 (5th Cir. 2011).

Plaintiff has successfully established a violation of her right to procedural due process. However, the Court does not believe Plaintiff has carried her burden of demonstrating irreparable

injury if an injunction is denied. Her sole argument to support the threat of injury is a suggestion that Defendants will not respect a declaration from this Court that their actions are unconstitutional. (Pl.'s Mot. Summ. J., Dkt. 20, at 33). However, the Court cannot presume that the defendants will disregard the Court's ruling, and Plaintiff has not provided clear evidence that they will. *See U.S.P.S. v. Gregory*, 534 U.S. 1, 10 (2001) ("[W]e note that a presumption of regularity attaches to the actions of Government agencies . . . .") (citing *U.S. v. Chem. Found.*, 272 U.S. 1, 14–15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.")).

Because Plaintiff has not shown a threat of irreparable injury, she is not entitled, on these facts, to a permanent injunction.

### D. Injunctive Relief Concerning Clear and Convincing Evidence Standard

Plaintiff also seeks an injunction "prohibiting Department Defendants from requiring Plaintiff to register as a sex offender unless . . . a neutral and detached arbiter of fact determines, by 'clear and convincing evidence,'" that Plaintiff constitutes a threat to society by reason of her lack of sexual control. (Pl.'s Mot. Summ. J., Dkt. 20, at 35). The injunction is sought because defense counsel purportedly suggested at the preliminary injunction hearing that the State might seek to impose sex offender conditions on Plaintiff after providing the procedures required under *Coleman*. *See* 395 F.3d at 225. However, other than defense counsel's comment, there is no evidence that any party to this litigation is imminently planning to require Plaintiff to undergo *Coleman* procedures, or even that the Defendants who are party to this action have the authority to do so. Even if such plans exist, there is no indication that the arbiter would use an improper standard. This matter is therefore not ripe for review, and injunctive relief is inappropriate.

### E. Nominal Damages

Plaintiff seeks nominal damages against the Defendants, whom she has named in their official capacities only. The Eleventh Amendment bars suits against states for money damages that are to be paid from state funds. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Since suits against state officials in their official capacity are treated as suits against the state itself, *Hafer v. Menlo*, 502 U.S. 21, 25 (1991), Plaintiff's claims are presumptively barred by the Eleventh Amendment. Plaintiff argues that she may nonetheless recover nominal damages in this instance because the nominal damages she seeks are equitable rather than legal in nature, since they are intertwined with or incidental to injunctive relief. *See Tull v. United States*, 481 U.S. 412, 424 (1987) ("A court in equity was empowered to provide monetary awards that were incidental to or intertwined with injunctive relief.").

Plaintiff's argument conflicts with the Fifth Circuit's holding in *Landgraf v. USI Film Products*, 968 F.2d 427, 431 (5th Cir. 1992), wherein the court held that nominal damages are legal, not equitable. She attempts to distinguish *Landgraf* by suggesting that the court found the damages to be legal only because declaratory relief had been denied, meaning that the damages could not have been incidental to equitable relief. However, the court's discussion of nominal damages did not involve the presence or absence of declaratory relief; the court's holding that nominal damages were a legal remedy preceded and was independent of its analysis of declaratory relief. *See id.* at 431–32.

The Plaintiff has not otherwise convinced the Court that her request for nominal damages is permissible under the Eleventh Amendment. The Court will accordingly deny this relief.

### F. Attorney's Fees

Plaintiff seeks attorney's fees under 42 U.S.C. § 1988(b), which allows courts to award reasonable attorneys' fees to a party who prevails on a claim under § 1983. Because the Court awards Plaintiff the declaratory relief she seeks, she is a prevailing party under § 1988. *See Sanchez v. City of Austin*, 774 F.3d 873, 879 ("The [Supreme Court] . . . has 'repeatedly held that an injunction or

declaratory judgment, like a damages award, will usually satisfy [the prevailing party] test.'") (quoting *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988)). Finding no circumstances that would make the award of fees unjust, the Court will grant Plaintiff reasonable attorneys' fees as part of the costs. *See id.* at 878 ("'[T]he discretion afforded district courts to deny attorneys' fees to prevailing plaintiffs under § 1988 is exceedingly narrow.") (internal quotations and citations omitted).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, (Dkt. 20), and **DENIES** Defendants' Motion for Summary Judgment. (Dkt. 26).

**IT IS DECLARED** that Plaintiff does not have a reportable conviction or adjudication under article 62.001(5)(E) of the Texas Code of Criminal Procedure because there has been no affirmative finding of the victim's age in the judgment or other papers in the case.

**IT IS FURTHER DECLARED** that Defendants' causing Plaintiff to register as a sex offender has violated her procedural due process rights under Fourteenth Amendment of the United States Constitution.

**IT IS FINALLY ORDERED** that Plaintiff is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, in an amount to be determined pursuant to Local Rule CV-7(j).

**SIGNED** on August 21, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE