IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANGEL DAWN LITTLEPAGE, | § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 1:17-CV-190-RP |
| RAYMOND TREJO, *et al.*, | | |
| Defendants. | | |

## ORDER

Before the court is Plaintiff Angel Dawn Littlepage's ("Plaintiff") Unopposed Motion for Award of Attorney's Fees, Expenses, and Costs. (Dkt. 37). Having reviewed the motion and accompanying memorandum of law, (Dkt. 38), the declaration in support, the record, and the applicable law, the Court issues the following order.

### I. Attorney's Fees

Plaintiff requests attorney's fees under 42 U.S.C. § 1988, which provides that, in a Section 1983 case, a prevailing party may recover reasonable attorney's fees. Having won summary judgment, Plaintiff is the prevailing party. The Court thus moves on to the second inquiry: whether the requested fees are reasonable. To make that determination, the Court begins by calculating a lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Green v. Administrators of Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002). The factors originally articulated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974), should then be applied to determine whether the fees requested are reasonable or whether an adjustment to the original lodestar amount is appropriate. *See id.*; *see also Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). The twelve *Johnson* factors include: (1) time and labor required; (2) novelty and difficulty of the issues; (3) required skill; (4) whether other

1

employment is precluded; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19. However, the United States Supreme Court has barred the use of the sixth factor. *See Walker v. U.S. Dept. of Housing & Urban Dev.,* 99 F.3d 761, 772 (5th Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992)).

The Court has reviewed and evaluated the time and billing records Plaintiff's counsel submitted. Counsel's billing rate for this case was $300 per hour, and counsel spent 90.65 hours working on the case—which does not include counsel's voluntary deduction of 3.5 hours from his bills—for an initial lodestar amount of $27,195. Counsel also traveled from Denton to Austin for a court setting, and Plaintiff seeks a reduced hourly rate of $50 per hour for those 8 hours for an additional fee of $400. Adding that to the larger figure, the total lodestar amount is $27,595.

In addition to the billing records and attorney declaration, Plaintiff provides information and legal support for other relevant *Johnson* factors. Plaintiff presented a case involving two complex issues, demanding specialized knowledge and skill to litigate liberty interests, necessitating a contingency fee arrangement, and requiring immediate action on the part of counsel to seek emergency relief. (Dkt. 38, at 18–22). Counsel's representation was a success overall. (*Id.* at 22). Looking more closely at counsel's background, Plaintiff's counsel has had a lengthy career and has been recognized for his professional achievements. (*Id.* at 18; Dkt. 37 at 8–14). In this case, counsel represented Plaintiff, who had been accused of a "sex offense," in an area of law that arguably may be considered distasteful by many attorneys. Finally, the rate counsel charged in this case is in line with what he has been previously awarded in other cases, with a small increase in his hourly billing rate because this case came more than several years later than those previous cases. For all these

reasons, the Court concludes that both the total hours expended and the hourly rate charged is reasonable. The Court therefore awards Plaintiff attorney's fees in the amount of $27,595.

## II. Costs

Plaintiff also seeks reimbursement of expenses in the amount of $940.75. A district court generally has wide discretion in awarding expenses or costs; however, this discretion is not unfettered. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). The Court's discretion in taxing costs against an unsuccessful litigant is limited to the following recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Although a district court may decline to award costs listed in the statute, it may not award costs omitted from the statute. *See Crawford*, 482 U.S. at 441–42; *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).

Plaintiff seeks an award for the following costs: (1) a lawsuit filing fee in the amount of $400, (2) a process server fee of $300, and (3) travel mileage expense of $240.75. (Dkt. 37, at 3–4). The Court awards Plaintiff her filing fee of $400. 28 U.S.C. § 1920. In addition, "all reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable in fee awards under 42 U.S.C. § 1988 because they are part of the costs normally charged to a fee-paying client." *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School*

*Bd.*, 919 F.2d 374, 380 (5th Cir. 1990). Therefore, the Court awards Plaintiff her process server fee and attorney travel expenses.

### III. Conclusion

**IT IS ORDERED** that Plaintiff's Unopposed Motion for Award of Attorney's Fees, Expenses, and Costs, (Dkt. 37), is **GRANTED**.

Plaintiff shall recover: (1) attorney's fees from Defendants in the amount of $27,595; and (2) costs from Defendants in the amount of $940.75.

**SIGNED** on March 5, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE